In re Petition for DISCIPLINARY ACTION AGAINST Kevin P. SULLIVAN, an Attorney at Law of the State of Minnesota.

No. C0-88-839.

Supreme Court of Minnesota.

April 26, 1988.

---

## ORDER

The Director of Lawyers Professional Responsibility filed with this court a petition alleging that the respondent Kevin P. Sullivan had violated rules of lawyers professional conduct warranting the imposition of discipline. Subsequently, the respondent Kevin P. Sullivan and the Director entered into a stipulation. In the stipulation the respondent admitted service of the petition upon him, waived his right to answer the petition, and unconditionally admitted the allegations of the petition. He also waived all the rights afforded to him by Rule 10(a), Rules on Lawyers Professional Responsibility (RLPR), Rule 9, RLPR, and Rule 14, RLPR. The conduct admitted in the stipulation, and forming the basis of this disciplinary matter, relates to the respondent's representation in pursuing a personal injury action on behalf of Mark L. Swanson. Respondent commenced the action in 1983. Thereafter respondent failed to answer the defendant's counterclaim or to timely answer defendant's discovery. He failed to correctly inform Swanson as to the possible effect on a lawsuit if Swanson entered a plea to a criminal charge of careless driving. Although respondent had been advised by opposing counsel of the requirement that a certificate of readiness be filed by July 1, 1986, respondent neglected to take any action after November 12, 1985. He failed to return numerous telephone calls from his client or to advise his client that between October 1985 and October 1986 he was mostly in New York attempting to establish a law practice there. In February of 1987 the defendant's attorney in the personal injury action secured from the court an order for entry of judgment. Respondent was dilatory in notifying his client of that entry of judgment, and when he did he incorrectly stated the case had been dismissed without prejudice. Finally, he made an appointment with Swanson to pick up his file. He did not keep the appointment, but instead left Swanson's file in the hallway outside of his locked office. The dilatory actions of the respondent, the failure to keep his client informed, the failure to cooperate with counsel and the court with respect to requirements for the prosecution of the Swanson case violated a number of disciplinary rules including, prior to September 1, 1985, DR 6–101 and 7–101(A), Minnesota Code of Professional Responsibility (MCPR), and thereafter violated Rules 1.1, 1.3, 1.4, 1.15(b)(2) and (4), and 1.16(d), Minnesota Rules of Professional Conduct (MRPC).

The court having examined the petition, the files and records herein, and the stipulation NOW ORDERS:

1. The respondent is hereby publicly reprimanded.

2. Respondent shall not accept any personal injury cases for a period of two years from the date of this order unless prior thereto respondent associates with counsel who are named on the pleading and who are experienced with personal injury litigation.

3. If at any time within two years from the date of this order, after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has not complied with the court's

order or has committed any other acts of unprofessional conduct not referred to in the stipulation, the Director may file a petition for disciplinary action against respondent in court without the necessity of any panel proceeding.

4. Respondent pay $750 pursuant to Rule 24(d), RLPR.